[No. 18247.  Department Two.—March 29, 1894.]

IN THE MATTER OF THE ESTATE OF LEWELLYN
WILLIAMS, DECEASED.

ADOPTION—RESIDENCE OF ADOPTING PARENTS—EXTRINSIC EVIDENCE.—
Where a petition for the adoption of a minor child recites that the peti-
tioners are residents of the county in which the order of adoption was
made, but the order makes no mention of the fact of the residence of
the adopting parents, it may be proven by extrinsic oral evidence in a
proceeding for distribution of the estate of the adopting father, that
the adopting parents were residents of the county in which the order of
adoption was made.

ID.—JURISDICTIONAL FACTS—EVIDENCE.—Facts necessary to show that a
court or board of special or limited power has acted within its juris-
diction may be proven by other competent evidence, in the absence of
a statute requiring such facts to appear in the minutes, or other records
of its proceedings.

ID.—RESIDENCE OF ADOPTING PARENTS—CONTENTS OF ADOPTION PAPERS.
Though it is a material fact necessary to the validity of an order con-
senting to the act of adoption, that the adopting parent and the judge
making the order shall both be residents of the same county, yet the
statute does not require that this fact shall appear upon the face of the
adoption papers.

ID.—AVERMENT OF PETITION—ESTOPPEL.—Where the petition for adoption
states that the adopting parents are residents of the county, and the
adopting parents, upon the strength of that representation, obtain an
order from the judge of that county consenting to the adoption of a
minor child of other parents, the adopting father is estopped to deny
its truth, and any heirs claiming under him after his death are equally
estopped to deny the fact in a proceeding for the distribution of his
estate.

ID.—JOINT ADOPTION BY HUSBAND AND WIFE.—Under the Civil Code the
wife has precisely the same right to adopt a child as the husband, and
both may unite in the application for the adoption of a child as the child
of both.

ID.—SEPARATE EXAMINATION OF PARTIES—DIRECTORY STATUTE.—Section
227 of the Civil Code must be regarded as directory in so far as it re-
quires that the parties shall be separately examined, and the right of an
adopted child to succeed to the estate of an adopting parent cannot be
defeated by the fact that the judge signing the order of adoption failed
separately to examine the parties to it.

ID.—CONSENT OF DIVORCED FATHER.—Where the father of the adopted child had been divorced from the mother on the ground of his adultery, and by the decree of divorce the care and custody of the child was awarded to the mother, the consent of the father to the order of adoption was rendered unnecessary under section 224 of the Civil Code, in force at the time of the adoption, although the decree of divorce was made before the enactment of the Civil Code, and for an act of adultery committed in another state.

ID.—RIGHT OF INHERITANCE.—An adoption made in accordance with the law of this state gives to the adopted child the *status* of the child of the adopting parent, so far as relates to the right of inheritance from such adopting parent, under the laws of this state, regardless of the rights of a natural father to the adopted child, resident in another state.

ID.—ESTATES OF DECEASED PERSONS—PARTIAL DISTRIBUTION—PENDENCY OF PROCEEDING TO REVOKE PROBATE OF WILL.—Upon appeal from orders for partial distribution of the estate of a deceased person to an adopted child, and to another person named in the will as legatee, the pendency of a proceeding instituted by a nephew and niece of the deceased to revoke the probate of the will cannot defeat the rights of the legatees named in the will to partial distribution, and the adopted child being the only heir of the deceased, the nephew and niece have no rights to be affected by any disposition of the estate.

APPEAL from orders of the Superior Court of Sacramento County, making a partial distribution of an estate.

The facts are stated in the opinion of the court.

*Johnson, Johnson & Johnson,* and *John W. Armstrong,* for Appellants.

There was no valid adoption, as there was no compliance with the requirements of the statute. (Civ. Code, secs. 221–30.) Adoption proceedings, being purely of statutory origin, must be strictly followed, and every requirement of the law must be fulfilled. (*Ex parte Clark,* 87 Cal. 638; *In re Chambers,* 80 Cal. 217; *In re Stevens,* 83 Cal. 331; 17 Am. St. Rep. 252; *Furgeson* v. *Jones,* 17 Or. 204; 11 Am. St. Rep. 808; *Tyler* v. *Reynolds,* 53 Iowa, 146; *Shearer* v. *Weaver,* 56 Iowa, 578; *Long* v. *Hewitt,* 44 Iowa, 363; *Keegan* v. *Geraghty,* 101 Ill. 26.) Whenever a statute confers special power or privileges upon any office, or court, or person, the mode prescribed must be strictly followed. (*Baker* v. *Everhart,* 65 Cal. 27; *Estate of Martin,* 58 Cal. 532; *Estate of Rand,* 61 Cal. 475; 44 Am. Rep. 555; *Estate of Billings,* 64 Cal. 427; *Cohen* v.

*Barrett*, 5 Cal. 210; *Meyer* v. *Kohlman*, 8 Cal. 47; *Jordan* v. *Giblin*, 12 Cal. 103; *Saunders* v. *Haynes*, 13 Cal. 150; *People* v. *Delegates*, 14 Cal. 479; *McMinn* v. *Whelan*, 27 Cal. 314; *McDonald* v. *Katz*, 31 Cal. 167; *Cowell* v. *Martin*, 43 Cal. 614; *Central Pac. R. R. Co.* v. *Pearson*, 35 Cal. 257; *Iburg* v. *Fitch*, 57 Cal. 192; *Mulligan* v. *Smith*, 59 Cal. 231.) The face of the proceedings must show that the statute has been strictly pursued. (*Gilmer* v. *Lime Point*, 19 Cal. 60; *Central Pac. R. R. Co.* v. *Pearson*, 35 Cal. 257; *Thatcher* v. *Powell*, 6 Wheat. 127; *Freeman* v. *Strong*, 6 Dana, 282; *Ex parte Clark*, 87 Cal. 638.) In construing this chapter of the Civil Code, we must look to the provisions of the code itself, because they are plain and unambiguous. (Sutherland on Interpretation of Statutes, secs. 237, 238; Endlich on Interpretation of Statutes, secs. 7, 8, 23–25; *In re Jessup*, 81 Cal. 419; *French* v. *Teschemacher*, 24 Cal. 539; Code Civ. Proc., secs. 1858, 1859; *City of Eureka* v. *Diaz*, 89 Cal. 467.) The adoption papers do not comply with the statute, as they do not show the consent of the adopting parents, which was absolutely necessary. (Civ. Code, secs. 223, 226.) Consent is a jurisdictional fact, and must be shown. (*Furgeson* v. *Jones*, 17 Or. 204; 11 Am. St. Rep. 808; *Power* v. *Hafley*, 85 Ky. 671; *Ross* v. *Ross*, 129 Mass. 243; 37 Am. Rep. 321; *Ex parte Chambers*, 80 Cal. 216.) Every fact necessary to support jurisdiction must affirmatively appear on the face of the record. (*Ex parte Clark*, 87 Cal. 638.) The residence of Lewellyn Williams not being shown by the record, the order was void. (*Ex parte Clark*, 87 Cal. 638; *In re Johnson's Estate*, 98 Cal. 531.) The mother of the adopted child having died prior to the adoption, and no disposition thereafter of the child having been made, the consent of the father of the child should have been obtained, or he was, at least, entitled to notice. (*Furgeson* v. *Jones*, 17 Or. 204; 11 Am. St. Rep. 813; *Galpin* v. *Page*, 18 Wall. 350; *Foster* v. *Waterman*, 124 Mass. 592.) The court erred in permitting testimony *dehors* the record to be admitted to sustain the validity of the adoption papers. (Freeman

on Judgments, sec. 122; *Ex parte Clark,* 87 Cal. 641.
See, also, *Lowe* v. *Alexander,* 15 Cal. 297; *Rowley* v. *Howard,* 23 Cal. 402; *Ex parte Kearny,* 55 Cal. 212; *Furgeson* v. *Jones,* 17 Or. 204; 11 Am. St. Rep. 808; 1 Black on Judgments, secs. 277–79.)

*A. C. Freeman,* and *McKune & George,* for Respondents.

The appellants are strangers to the adoption proceedings, and so are not in a position to attack the validity of the adoption. (*Estate of Johnson,* 98 Cal. 531; *Appeal of Wolf,* 13 At. Rep. 764, 765; *Gray* v. *Gardner,* 81 Me. 554; *McDermott* v. *Isbell,* 4 Cal. 113; *Nugent* v. *Powell,* 33 Pac. Rep. 23.) Proceedings in adoption cannot be attacked collaterally. (*Brinster* v. *Compton,* 68 Ala. 299; *Matter of McDowle,* 8 Johns. 329; *Sewell* v. *Roberts,* 115 Mass. 275; *Austin* v. *Seminary,* 8 Met. 196; 41 Am. Dec. 497; *Hill* v. *Keyes,* 10 Allen, 258.) Jurisdiction over the person of the infant is given by the appearance of the child, the person adopting and the person whose consent is necessary before the county judge. (Civ. Code, sec. 226; *Appeal of Wolf,* 13 At. Rep. 764; *Winans* v. *Luppie,* 47 N. J. Eq. 302.) If any errors occurred before Judge Clark, not affecting the jurisdiction, they cannot be adjudged to invalidate the proceedings in a collateral attack. (*Estate of Johnson,* 98 Cal. 531.) The mother being dead, and the consent of the father not necessary under the statute, his consent is dispensed with. (*Sewell* v. *Roberts,* 115 Mass. 262; *Gibson, Appellant,* 154 Mass. 378; *Winans* v. *Luppie,* 47 N. J. Eq. 302; *Wilkinson* v. *Deming,* 80 Ill. 342; 22 Am. Rep. 192; *Nugent* v. *Powell,* 33 Pac. Rep. 23.) The *status* of a person with the inherent capacity of succession or inheritance is to be ascertained by the law of the domicile which creates the *status,* and when created according to such law, it is valid and binding everywhere. It certainly cannot be questioned in the courts of the domicile where such *status* has been created. (*Ross* v. *Ross,* 129 Mass. 243; 37 Am. Rep. 321.) But if the jurisdictional facts touching the act of adoption of Lucy W.

Strickland by Lewellyn Williams did not appear on the face of the papers, parol testimony may be given to prove that such facts actually existed. (2 Freeman on Judgments, 4th ed., sec. 518; 1 Black on Judgments, sec. 282; *Jolley* v. *Foltz*, 34 Cal. 321; Code Civ. Proc., sec. 456; *Reclamation Dist. No. 3* v. *Goldman*, 65 Cal. 638; *Barnard* v. *Barnard*, 119 Ill. 98; *Van Deusen* v. *Sweet*, 51 N. Y. 378; *Johnston* v. *Smith*, 25 Hun, 176; *Williams* v. *Cammack*, 27 Miss. 209; 61 Am. Dec. 508; *Liss* v. *Wilcoxen*, 2 Col. 85; *Behymer* v. *Nordloh*, 12 Col. 352.) And the child, Lucy W. Strickland, having appeared before the county judge with Lewellyn Williams, on application for adoption, gave the county judge jurisdiction, and his act cannot be set aside in this collateral proceeding. (*Spaulding* v. *North San Francisco etc. R. R. Assn.*, 87 Cal. 40, citing Freeman on Judgments, secs. 533, 539; *People* v. *Hagar*, 52 Cal. 182.) Only those matters must appear of record required to so appear by statute. (*Irrigation Dist.* v. *De Lappe*, 79 Cal. 361; *Jolley* v. *Foltz*, 34 Cal. 321.) The joint application by both spouses was proper. (*Estate of Stevens*, 83 Cal. 330; 17 Am. St. Rep. 252; *Krug* v. *Davis*, 87 Ind. 590; *Abney* v. *De Loach*, 84 Ala. 399, 404.) The examination took place as required by statute. (*Estate of Johnson*, 98 Cal. 531; *Barnard* v. *Barnard*, 119 Ill. 98; *Stow* v. *Kimball*, 28 Ill. 107.) The examination provided for by the statute is not jurisdictional, and cannot be inquired into in this proceeding. (1 Black on Judgments, sec. 250, and cases cited; *Barnard* v. *Barnard*, 119 Ill. 98.) It is not necessary that the record should show that Williams resided in the county at the time of the adoption. (*Barnard* v. *Barnard*, 119 Ill. 98; citing *Stow* v. *Kimball*, 28 Ill. 107; *Fitzgibbon* v. *Lake*, 29 Ill. 165; 81 Am. Dec. 302; *Schnell* v. *Chicago*, 38 Ill. 390; 87 Am. Dec. 304; *Housh* v. *People*, 66 Ill. 181; *Moffitt* v. *Moffitt*, 69 Ill. 646; *Henline* v. *People*, 81 Ill. 271; *Bostwick* v. *Skinner*, 80 Ill. 152.)

De Haven, J.—Appeals from two orders of the superior court of Sacramento county, making partial dis-

tribution of the estate of Lewellyn Williams, deceased, to Lucy W. Auzerais and Sophia G. Cutter. The orders are based upon separate petitions, but both appeals can be properly disposed of by a consideration of the questions arising upon the appeal from the order made in favor of the respondent, Auzerais.

Lewellyn Williams died testate, and Lucy W. Auzerais is named in his will as a residuary legatee. This will was admitted to probate in the superior court of Sacramento county, prior to the commencement of this proceeding, and in her petition asking for a partial distribution of the estate to her, the respondent, Auzerais, alleges, in addition to the foregoing facts, that she is the adopted child of said deceased, and that he never had any other child, and was unmarried at the time of his death.

The appellants, claiming to be respectively the nephew and niece of the deceased, appeared in opposition to the application for partial distribution, and filed an answer to the petition therein, in which they denied that the respondent, Auzerais, was ever adopted by the deceased as his child, and also denied that the deceased died testate; and in this connection they further alleged the pendency of a proceeding instituted by them to revoke the probate of the alleged will of the deceased.

The issues thus made by the petition and answer thereto were tried by the court, and findings of fact filed to the effect that the petitioner was duly adopted by the deceased as his child on August 17, 1875, and that she was and is his only child, and the court further found the allegation of the answer, in reference to the pendency of the proceeding to revoke the probate of the alleged will of the deceased, to be true.

The appellants insist that the finding in reference to the adoption of the respondent, Auzerais, is not justified by the evidence, and also that the court erred in admitting evidence to prove that fact, and the questions thus presented are the only ones we deem it necessary to consider in this opinion.

The respondent, Auzerais, was the daughter of Eliza J. and George W. Strickland. Her parents were divorced in the state of New York, on the ground of the adultery of the father, and by that decree the care and custody of the respondent was awarded to the mother. At the time of the alleged adoption she was of the age of ten years and about eight months, and was then living in Sacramento county with the deceased, who was her uncle and also her guardian. The mother was dead, and her father was a resident of the state of New York. The adoption papers consist of a petition by the deceased, Lewellyn Williams, and his wife, Lucy C. Williams, which recites that the petitioners are residents of the county of Sacramento, and also contains an averment of the death of the mother of respondent, and of the fact that she had been divorced from the father on the ground of his adultery; second, a joint agreement by the deceased and his wife to adopt the respondent; third, the order of adoption made by the judge, and dated August 17, 1875. The order, after reciting the facts of the presentation of the petition of the deceased and his wife, and their agreement to adopt, and that it was proven that the mother of respondent was dead, and had been divorced as stated in the petition, concludes as follows: "And the said Lewellyn and Lucy C., his wife, and said child, all being present, and being fully satisfied that the interests of said child will be promoted by such adoption;

"It is hereby ordered, adjudged, and decreed that said Lucy W., child aforesaid, shall, from now henceforth, be regarded and treated in all respects as the child of said Lewellyn Williams and Lucy C. Williams, his wife."

The order makes no mention of the fact of the residence of the adopting parents, and fails to state that any of the parties were examined separately or otherwise by the judge making the order, but it was proven by oral evidence upon the trial of the present proceeding that the adopting parents were residents of the

county in which the order of adoption was made, and that all the parties were examined by the judge at the time, but not separately.

This evidence was properly admitted, and the contention of appellants that the order of adoption is void because it does not show upon its face that the deceased and his wife resided in the county of Sacramento at the time of the adoption, and that all the parties to that proceeding were examined by the judge in the manner directed by section 227 of the Civil Code, cannot be sustained. Undoubtedly under section 226 of that code it is a material fact, and necessary to the validity of an order consenting to the act of adoption, that the adopting parent and the judge making the order shall both be residents of the same county (*Ex parte* Clark, 87 Cal. 638); but the statute does not require that this fact shall appear upon the face of what may be termed the adoption papers. The only memorial of the proceeding which is required by the chapter of our Civil Code relating to adoption is the written consent of the parties whose consent is made necessary by the law, and the order of the proper judge "declaring that the child shall thenceforth be regarded and treated in all respects as the child of the person adopting." (Civ. Code, secs. 226, 227.)

This being so, it is evident that extrinsic evidence should be received for the purpose of proving any other matter, the existence of which is necessary to the validity of the proceeding. It has been held, and, we think, correctly, that facts necessary to show that a court or board of special or limited power has acted within its jurisdiction may be proven by other competent evidence, in the absence of a statute requiring such facts to appear in the minutes or other record of its proceedings. (*Jolley* v. *Foltz*, 34 Cal. 321; *Reclamation District* v. *Goldman*, 65 Cal. 638; *Van Deusen* v. *Sweet*, 51 N. Y. 378; *Williams* v. *Cammack*, 27 Miss. 209; 61 Am. Dec. 508; 2 Freeman on Judgments, 4th ed., sec. 518.) It is true the act of adoption in this state is not a judicial proceed-

ing, and the order therefore is in no sense to be considered as the judgment of a court. (*In re Stevens*, 83 Cal. 322; 17 Am. St. Rep. 252; *In re Johnson*, 98 Cal. 531.) Still the rule above stated affirming the right of a party to show by extrinsic evidence the existence of the jurisdictional facts in support of the judgment, or other determination of a court or board of limited jurisdiction, is applicable in principle to the case as presented here, and fully justifies the action of the superior court in admitting the evidence referred to. The case of *Ex parte Clark*, 87 Cal. 638, does not sustain the contention of appellants upon this point. The statement in the opinion in that case, to the effect that it is necessary for the record to show that the adopting parent appeared before the proper judge, has reference to the record in the action in which the order of adoption may be offered in evidence, and not to the papers relating to the proceeding for adoption. The question of the admissibility of oral evidence, for the purpose of establishing material facts not shown by such papers, and not required to be recited therein, did not arise in that case, and was not passed upon by the court at that time.

But if the rule were otherwise, and it should be conceded that the court erred in admitting evidence as to the residence of the deceased, the error was harmless, as the petition for adoption states that the deceased and his wife were residents of the county of Sacramento, and having, upon the strength of that representation, obtained the order of the county judge of that county consenting to the adoption of respondent, the deceased would, in his lifetime, have been estopped to deny its truth in any controversy as to his parental duty to support and care for the child thus adopted by him, and the appellants who claim under him are equally estopped to deny the fact in this proceeding.

The appellants further claim that the order of adoption is void, first, because it was made upon the joint petition of the deceased and his wife, and purports to

order and direct that the respondent should thereafter be treated and regarded as the child of both of them; second, because the parties to the contract of adoption were not separately examined; and, lastly, because the father of the respondent did not consent to the adoption, and was a nonresident of the state, and without notice of the proceeding.

There is no force in the first of the foregoing objections.

Section 221 of the Civil Code gives to any adult person the right to adopt the minor child of another, in the cases and under the rules prescribed by the chapter of which that section forms a part, and the following section, 223, provides that neither husband nor wife, unless lawfully separated, shall adopt a child without the consent of the other, if capable of giving such consent. Under these sections the wife has precisely the same right to adopt a child as the husband, and we know of no reason why both may not unite in an application for the adoption of a child as the child of both, or why in such a case the order of adoption should not declare that the child shall henceforth be treated and regarded as the child of both spouses. On the contrary, such procedure would seem to be in entire harmony with the object of the law, and an appropriate way by which husband and wife may mutually consent to the adoption of a stranger in blood into the family, and to assume toward such child the duties of the parental relation. The question of the right of husband and wife to jointly adopt a child arose in the state of Indiana under a statute similar to our own, and the supreme court of that state in *Krug* v. *Davis*, 87 Ind. 590, in answer to the objection that the statute did not contemplate or authorize such joint adoption, said: " On the contrary, the better and more reasonable construction appears to us to be that a wife may unite with her husband in such a proceeding, as from the very nature of things the interests of the entire family are necessarily involved in the object sought to be accomplished by it. There is not only

no inconsistency, but a manifest propriety in the wife thus uniting with her husband, as by doing so the adopted child is made to assume in a general sense the same position in the family which it would occupy if it were the natural child of both, born in lawful wedlock." These views are so manifestly correct and applicable to the construction of our own law, as to render any further discussion of this point unnecessary.

Nor can the right of the respondent here to succeed to the estate of her parent by adoption be defeated by the fact that the judge signing the order of adoption failed to separately examine the parties to it. It was expressly held by us in *In re Johnson*, 98 Cal. 531, that the examination of a child under the age of twelve years— the age of consent—was entirely discretionary with the judge, and we think the general reasoning of the opinion in that case in regard to the nature of the act of adoption in this state, and its statement of the rule by which to determine whether the provisions of a statute prescribing the mode of proceeding upon the part of a public officer in the discharge of a given duty, is mandatory or simply directory, lead to the conclusion that the examination of the other parties to the contract by the judge making the order is not absolutely necessary in order to effect the adoption of a minor; and, if this is so, it would necessarily result that section 227 of the Civil Code must be regarded as directory in so far as it requires that the parties shall be separately examined. In the case just referred to, in speaking of the nature of the act of adoption under our statute, we said: "The essential foundation of the proceeding is the consent of the persons named in the statute, and when this has been given in the presence of the proper judge, and manifested in writing, and by the order of such judge, the contract cannot be declared invalid because of some merely technical objection to the manner in which the judge who signed the order of adoption may have discharged his duty in the premises." And it was further said by us at that time that the object of the statute in

directing the judge to make a separate examination of the parties, was for the protection of a wife, or child over the age of twelve years, whose consent is made essential to the creation of the contract, by guarding them in some degree from the possible coercive influence of the husband or parent, and also to enable the judge to ascertain whether the consent of such persons was entirely free. Undoubtedly, the judge ought, in the orderly and proper discharge of his duty, to conform to this direction of the law, but his omission to do so would not render the contract absolutely void. The deceased voluntarily entered into the contract of adoption under consideration here, and received in his lifetime the benefits resulting from the relation thus created—the society, affection, and devotion of an adopted daughter—and no principle of law or equity will permit the appellants claiming under him to avail themselves of this technical departure from the direction of the statute, to defeat the rights of respondent growing out of the contract, the validity of which was never disputed by the deceased, and which has been fully performed by all the parties to it.

The remaining question to be considered is whether the validity of the order of adoption is affected by the fact that it was made without the consent of the father of respondent, and without notice to him. As already stated the father of respondent had been divorced from the mother on the ground of his adultery, and such being the case, his consent to the order of adoption was rendered unnecessary by the express provisions of section 224 of the Civil Code then and now in force. The fact that the decree of divorce was made before the enactment of our Civil Code, and for an act of adultery committed in another state, did not make that section inapplicable to the proceeding taken by the deceased for the adoption of respondent, and to so hold is not to give any retroactive or extraterritorial effect to the provisions of that section. The section simply declares under what circumstances the consent of the natural

parent shall not be required in a proceeding for the adoption of a child, and it was intended to furnish the rule in regard to that matter in all subsequent applications for adoption under the statute. It is argued, however, by counsel for appellants that it is not in the power of the state to deprive a parent of the natural right to his child for such a cause, without at least affording him an opportunity to appear and answer the charge in the proceeding which is taken for the purpose of severing his parental relations. Whatever force there might be in this position in a case where the natural father of an adopted child was asserting his right to the custody of such child, or in an action brought by him to recover the value of its services from the adopted parent, it seems to us that the question thus argued by counsel does not arise here. The father of the respondent is dead; but, if he were alive, no rights of his would be impaired by giving force and effect to the contract of adoption, and permitting respondent to succeed to the estate of the deceased as the adopted child of the latter. The question here is simply whether the proceeding for the respondent's adoption entitles her to succeed to the estate of her adopted father, and we have no doubt that it does. The adoption was in accordance with the law of this state, and, certainly, so far as relates to the right of inheritance under the laws of this state, it gave to the respondent the *status* of a child of the deceased. "It is a general principle that the *status* or condition of a person, the relation in which he stands to another person, and by which he is ordinarily made capable to take certain rights in that other's property, is fixed by the law of the domicile, and that this *status* and capacity are to be recognized and upheld in every other state, so far as they are not inconsistent with its own laws and policy. Subject to this limitation, upon the death of any man, the *status* of those who claim succession or inheritance in his estate is to be ascertained by the law under which that *status* was acquired." (*Ross* v. *Ross*, 129 Mass. 246; 37 Am. Rep. 321.)

The conclusion we have reached in regard to the validity of the respondent's adoption by deceased also disposes of all questions arising upon the appeal from the order making partial distribution of his estate to Sophia G. Cutter. The distribution was made to her as a legatee under the will of the deceased. The will has been probated, and the respondent, Auzerais, does not question its validity, and the court, having found that she was the adopted and only child of the deceased, and, therefore, the only person having a right to object to distribution under its terms, properly held that the pendency of the proceeding instituted by appellants for the purpose of revoking the probate of such will would not defeat the rights of the legatees named therein. The respondent, Auzerais, being the only heir of the deceased, the appellants have no right which can be affected by any disposition which may be made of the estate of deceased.

Orders affirmed.

FITZGERALD, J., and McFARLAND, J., concurred.

Hearing in Bank denied.