[Civ. No. 3279.   Third Appellate District.—June 29, 1927.]

In the Matter of the Adoption of MARGARET FAHLMAN, a Minor Child.

G. B. Hjelm for Appellants.

H. K. Landram for Respondent.

PLUMMER, J.—This is a matter before the court upon an appeal from an order of adoption made in the above-entitled matter, whereby the petition of Walter S. Joy and Annia Joy, his wife, for the adoption of said minor, was granted.

The transcript shows that on or about September, 1924, the father of said minor, Carl E. Fahlman, died in the county of Merced, state of California, leaving said minor daughter of the age of ten years. After the death of said Carl E. Fahlman, F. O. Burlin and Sophia Burlin, maternal grandparents of said minor, applied to the superior court of the county of Merced for letters of guardianship of the person and estate of said minor. At about the same time Oscar Fahlman, a brother of said Carl Fahlman, deceased, applied to the same court for letters of guardianship. The two petitions for letters of guardianship for said minor came on for hearing in said superior court in the month of October, 1924, and the hearing of said petitions was regularly continued from time to time until about April 27, 1925. On the latter date, Walter S. Joy and Annia Joy, his wife, filed a petition in the superior court of Merced County seeking an order of said court permitting their adoption of said minor child. Notice of this hearing was regularly given and notice was also given to the said F. O. Burlin and Sophia Burlin. The hearing of the petition for adoption was set for May 8, 1925. At said hearing F. O.

Burlin and Sophia Burlin appeared and filed an opposition to the granting of the petition for adoption theretofore filed by the said Walter S. Joy and Annia Joy. Between the date of the filing of the petition by Walter S. Joy and Annia Joy, his wife, for the adoption of said minor and the hearing thereof, the said F. O. Burlin and Sophia Burlin filed a like petition in the superior court of the county of Stanislaus, praying for an order permitting their adoption of said minor. This petition, however, was not before the superior court of the county of Merced, and we have only to do with the petition filed by Walter S. Joy and Annia Joy, and the opposition filed thereto by F. O. Burlin and Sophia Burlin. At the conclusion of the hearing upon the petition filed for the adoption of said minor by Walter S. Joy and Annia John, the court made its order granting the same, and from this order F. O. Burlin and Sophia Burlin appeal.

Upon this appeal no question whatever is made as to the fitness of Walter S. Joy and Annia Joy, as persons to whom might be granted an order authorizing the adoption of said minor child Margaret Fahlman.

The testimony set forth by the appellants in their brief refers only to the fitness of F. O. Burlin. This testimony, however, we do not need to review for the simple fact that under the law, whether F. O. Burlin was or was not, or is or is not, a fit and proper person to be permitted to adopt said minor child, cannot be held as bearing upon any of the issues tendered for determination. The court, as we have said, determined that Walter S. Joy and Annia Joy, his wife, were such fit and proper persons and that the interests and welfare of the minor in question would be best subserved by granting the petition for adoption filed by them.

The record shows that Walter S. Joy and his wife were both less than fifty years of age and that F. O. Burlin and his wife were both over the age of seventy years, that the minor child was of the age of only eleven years. The trial court, in addition to oral testimony as to the fitness and capacity of the persons applying for adoption of the minor, had before it the individuals making the application and also the individuals filing the opposition thereto, and as sections 224, 225, 226, and 227 of the Civil Code,

relating to adoption of minors, give no preference whatever to relatives, or other persons, making application for adoption, it would require a very clear case of the abuse of the judicial discretion vested in the trial court to authorize an appellate court to set aside an order of adoption, where the proceeding is shown to be taken and had according to the procedure specified by the codes, and the fact of relationship only is urged as a cause for reversal.

In guardianship proceedings, where both the estates and custody of minors may be involved, the codes set forth certain preferences as to who may be appointed, but when it comes to the matter of adoption, the future welfare of the minor is the only matter for consideration. Under such circumstances, the legislature has left such determination to the judicial discretion of the trial court. In the case at bar, there is absolutely nothing presented in the record upon which we could predicate error of the trial court, as to whom the right of adoption should be awarded. There is nothing which shows the unfitness of any of the parties, so far as the testimony set forth in the transcript is concerned, save and except as the difference in ages of the respective parties applying for and opposing the adoption of said minor child might be deemed a proper matter for consideration. Ordinarily speaking, the conclusion would seem proper that the welfare of a minor would be best subserved by granting letters of adoption, where the parties applying are under fifty years of age, rather than sustaining the opposition or granting letters of adoption to persons over seventy years of age. Here, again, the presence of all the parties in court, their conduct and their actions are matters vital to be considered by the trial court, and are matters of which an appellate court can have absolutely no knowledge.　An appellate court is confined to the record and when the record shows nothing reflecting upon the persons to whom the letters have been awarded, an appellate court cannot declare the determination of the trial court erroneous, even though all the persons opposing the granting of letters may likewise be fit and proper persons to whom adoption letters might be granted.

Upon first impression it would seem that grandparents should be given preferential rights in matters of adoption, but the legislature has omitted so to provide, and has made

the welfare of the child the dominant factor, and not the wishes or desires of anyone who might, perchance, be a relative. As stated in the cases of *Adoption of Cozza,* 163 Cal. 514 [Ann. Cas. 1914A, 214, 126 Pac. 161], and *In re Johnson,* 98 Cal. 531 [21 L. R. A. 380, 33 Pac. 460], adoption proceedings are purely statutory, and as an examination of the sections of the codes shows that the legislature has scrupulously refrained from giving preferential rights to anyone, it would simply be a matter of judicial legislation for an appellate court to do so.

It does appear from the record that the eleven year old child was not placed upon the witness-stand and questioned upon the hearing. This, however, furnishes no ground for reversal. (*In re Johnson,* 98 Cal. 531 [21 L. R. A. 380, 33 Pac. 460]; *In re Williams,* 102 Cal. 80 [41 Am. St. Rep. 163, 36 Pac. 407].) These cases hold that where the child is under twelve years of age, interrogating the child is entirely discretionary with the trial court.

It is further urged that in the opinion of the trial court, orally announced upon the conclusion of the hearing upon the application for adoption by Walter S. Joy and his wife, the trial court used language indicating bias or prejudice against F. O. Burlin. The opinion of the trial court rendered in the decision of the cause is not a part of the record which we can consider upon appeal (2 Cal. Jur., p. 488). In addition to this we may add, that even though the court, for some cause or other, entertained a prejudice or bias against F. O. Burlin, unless it be shown that the court erred in granting letters of adoption to the petitioner, and, further, that the welfare of the minor was not best subserved by the court's order, no cause would be made to appear justifying a reversal.

In addition to what we have said, it appears from the record that the deceased father of the minor had, just prior to his death, expressed himself as being opposed to the custody of his minor child being in any manner granted to either F. O. Burlin or Sophia Burlin. The record, however, is silent whether the father had any valid reasons for entertaining such views prior to his death.

The legislature not having given preferential rights to relatives in the matter of adoption, and no cases having been called to our attention establishing such a rule of

decision, and nothing being shown in the record indicating that the welfare of the minor has not been best subserved by the order of the trial court made herein, it follows that the order of the trial court must be and the same is hereby affirmed.

Hart, J., and Finch, P. J., concurred.