[Civ. No. 12697. Second Appellate District, Division Two.—July 11, 1940.]

In the Matter of the Adoption of WILLIAM RICHARD HICKSON (a Minor).

MERLE S. BROOKS, Appellant, v. JOE HICKSON, Respondent.

Richard L. Gray for Appellant.

Amend & Amend and Joseph Hansen for Respondent.

WOOD, Acting P. J.—A petition was filed in the superior court on July 21, 1939, by Merle S. Brooks seeking to adopt William R. Hickson, his stepson, who was born November 22, 1933. Petitioner has appealed from an order of the court denying the petition.

The father of the minor child, Joseph Hickson, the respondent herein, was divorced from the mother of the child on

December 29, 1937, the interlocutory decree having been entered on December 24, 1936. The custody of the minor child of the parties, William R. Hickson, was awarded to the mother and respondent was ordered to pay to her through the court trustee the sum of $10 per week for the support of the child. On January 14, 1938, respondent remarried and at all times since has been living with his second wife. On April 10, 1938, the mother of the child married the petitioner herein and at all times since they have been living together as husband and wife.

Petitioner bases his prayer for adoption upon the allegation that respondent "for a period of more than one year immediately preceding the filing of this petition wilfully failed to pay for the care, support and education of said minor child, he having the ability to do so", and has filed herein the written consent of the mother of the child.

Petitioner relies upon section 224 of the Civil Code, which provides: "A legitimate child can not be adopted without the consent of its parents if living; provided, however, that after the custody of any child has by any judicial decree been given to the mother, and the father for a period of one year shall wilfully fail to pay for the care, support and education of such child when able to do so, then the mother alone may consent to such adoption, but only after the father has been personally served with a copy of a citation requiring him to appear at the time and place set for the appearance in court under section 227 of this code. . . . " Section 227 of the Civil Code provides in part: "The person or persons desiring to adopt a child, and the child proposed to be adopted, must appear before the court. The court must examine all persons appearing before it pursuant to this section, each separately, and if satisfied that the interests of the child will be promoted by the adoption . . . the court shall thereupon make an order awarding the custody of the child to the adopting parent or parents."

 No written findings were made, but at the conclusion of the hearing the court stated: "Gentlemen, to my mind, in order to take a child away from its natural parent ties the case must be strong and clear. That is my construction of the law. I am not satisfied, under all the circumstances, that there was, within the meaning of section 224, a clear attempt to wilfully fail to provide. It seems to me like that part of

the difficulty has arisen from some misunderstandings in relation to the visitations and things of that kind with respect to the father; and I do not feel that it is sufficient to justify the court in breaking that strong natural tie of blood. Petition for adoption is denied.'' There is evidence in the record from which the court may have concluded that during the period of two years and four months before the filing of the petition the total earnings of respondent as the driver of a delivery truck amounted to only $1825; that from this sum he was called upon to defray unusual expenses, such as doctor bills and those resulting from an automobile accident, in the sum of $200; that during this period he paid the mother of the child the sum of $123.50; that if respondent had made the payments required by the order of court there would not have been a sufficient sum remaining for him to pay his own living expenses; that respondent did in fact offer to pay directly to the child's mother a sum less than the amount ordered by the court, but that this was refused; that when respondent attempted to visit his child, as permitted by the divorce decree, he was impeded from doing so and ordered by petitioner to stay away; that petitioner had threatened the child's mother with desertion if the child and his mother accompanied respondent to a store to buy clothes; and that in addition to the cash actually paid respondent had bought an overcoat and shoes for the child in 1937 and had otherwise shown affection for him. We are satisfied that there is sufficient evidence to sustain the implied finding of the court that respondent had not wilfully failed to provide for his son.

We cannot take the view of petitioner that proof on his part that respondent had wilfully failed to pay for the care, support and education of the child, together with the mother's consent thereto, made it mandatory upon the court to grant his petition for adoption. Section 224 of the Civil Code must be read in connection with section 227 of the Civil Code, both of which must be strictly construed. (*In re Newman*, 88 Cal. App. 186 [262 Pac. 1112].) In section 227 it is provided that the court shall make the order of adoption if it is satisfied that the interests of the child will be promoted thereby. The trial court, being solicitous to preserve the family relationship and to protect the rights of the child and of its natural parent, doubtless was of the opinion that the best interests of the child would not be promoted by the adoption.

In such cases a wide discretion is reposed in the trial judge, and his decision should not be disturbed by a reviewing court in the absence of a clear showing of an abuse of such discretion. (*In re Fahlman,* 84 Cal. App. 248 [257 Pac. 893].) We see no abuse of discretion in the action of the trial court herein.

■ The record discloses another reason why the order must be sustained. In section 227a of the Civil Code it is provided: "The probation officer in the county in which the action for adoption is pending shall make an investigation of each case of adoption by a step-parent. No order of adoption shall be issued by the court until after favorable recommendation thereon is made by such officer." A lengthy report was made by the probation officer of Los Angeles County concerning the situation of the various parties to this proceeding, which report closes with these words: "Written recommendation is respectfully waived pending the decision of the court on the allegations contained in the petition". The report cannot be construed as the "favorable recommendation" which by the code is made a prerequisite to the order of adoption.

The order is affirmed.

McComb, J., concurred.