[Civ. No. 3130. Fourth Dist. May 23, 1944.]

Guardianship of KATHLEEN NORMA PETERSON, a Minor. LEO R. PETERSON, Appellant, v. EARL V. PITZER, Respondent.

[Civ. No. 3134. Fourth Dist. May 23, 1944.]

Adoption of KATHLEEN NORMA PETERSON, a Minor. EARL V. PITZER et al., Respondents, v. LEO R. PETERSON, Appellant.

Mack, Werdel & Bianco for Appellant.

West & Vizzard for Respondents.

GRIFFIN, J.—By stipulation, the two appeals have been consolidated. Appellant Leo R. Peterson is the petitioner for letters of guardianship and the objector in the adoption proceeding. He is the father of Kathleen Norma Peterson, five years of age. On September 1, 1942, by order of the Superior Court of Kern County, the minor was declared to have been abandoned by her parents and freed from their custody and control. This decree was affirmed on appeal. (*In re Peterson,* 56 Cal.App.2d 791 [133 P.2d 831].) On February 24, 1943, petitioners Earl V. Pitzer and Mildred A. Pitzer filed a petition for adoption of the minor. On June 2, 1943, the father of the child filed a petition for letters of guardianship alleging his relationship, the entry of the decree of abandonment, and prayed to be appointed guardian of the child. On June 10, 1943, the Pitzers filed objections thereto alleging that Peterson had forfeited all right to guardianship because he had wilfully abandoned and failed to provide for his child; that he had been judicially deprived of her custody by a decree of abandonment and that they had filed a petition for leave to adopt the child, which petition would be heard before July 1, 1943. They also alleged that the petition for guardianship was filed for the purpose of hindering and delaying the adoption.

On June 18, 1943, the guardianship proceeding came on for hearing before Judge Lambert in department two of the Kern County court. Testimony was produced by Peterson indicating a change of his marital and home status. He set forth certain facts indicating that the home and marital conditions described in the former opinion (*In re Peterson, supra*), had changed and that his home was now a suitable place for the care of the minor and that he was a fit and proper person to have custody of his child. Before any evidence was produced by Pitzers and before any decision was made in the guardianship matter, when it was called to the attention of the court that the adoption proceeding was soon

to be heard, according to the minutes, by oral stipulation, the court continued the further hearing of the matter to July 16, 1943. The reporter's transcript indicates the continuance was on the court's own motion or suggestion, and without objection by either party. It apparently was the belief of the trial judge that the adoption proceeding might adjudicate and make unnecessary a determination of the guardianship proceeding.

Because of the decree of abandonment, no notice of the petition for adoption was served on appellant. He claims that it was not until the objections to the guardianship proceedings were filed that he discovered the pendency of the petition for adoption. On June 29, 1943, he filed his objection thereto in which he alleged his efforts to prevent the decree of abandonment, his remarriage, his fitness to have the minor child in his custody, and similar allegations.

On July 1, 1943, the adoption proceeding was heard in department three of that court before Judge Bradshaw. Peterson introduced about the same evidence as was produced in the guardianship proceeding. The entire file of that proceeding was introduced into evidence. On July 8, 1943, Judge Bradshaw entered a minute order granting the petition for adoption and directed that findings and decree be prepared accordingly. On July 14, 1943, Peterson filed a notice of motion that on July 23, 1943, he would move for an order setting aside "the submission" and to reopen the adoption proceeding for the purpose of presenting therein the final determination of the guardianship proceeding. On July 16, 1943, when the guardianship proceeding came on for further hearing before department two, the judge of that department, of its own motion, transferred the proceeding to department three and set July 23, 1943, as the time for further hearing. When the matter came on for hearing in department three on July 23, appellant moved the court for an order setting aside the "order of submission." The guardianship matter was never ordered submitted in department three. The motion was made upon an affidavit which recited the proceedings taken. It was there urged that the guardianship proceeding was the only case where the fitness of appellant was a proper issue and that such issue should be determined before any final decree was entered in the adoption proceeding. The motion was denied. At the same time the court denied the petition

for letters of guardianship stating that "to allow the adoption . . . automatically would do away with the guardianship proceeding." No further evidence was presented to or heard by the judge denying the petition for guardianship. The court thereafter, on July 23, 1943, signed findings of fact and conclusions of law and a decree granting the petition for adoption.

In the findings in the adoption matter it is recited that the child had been abandoned and declared free from the custody and control of her parents; that Mrs. Pitzer is a great aunt of the minor and that the child had been under her care and had been supported by her since November, 1938; that the father had not contributed to the child's support since then. The trial court then concluded that the Pitzers were fit and proper persons to become the adoptive parents and that the best interests of the child would be promoted by the adoption of the child by them. A proposed sentence in the findings that Peterson "is not a proper person to have the custody and control of said minor" was, by the trial court, stricken out. A decree was then entered granting the order of adoption. The trial court, on August 2, 1943, signed an "order" in the guardianship proceeding reciting the various steps that had been taken in the proceeding; that the court *had granted the petition for adoption* and the "court being fully advised of the premises" ordered that the petition for letters of guardianship be denied and dismissed.

On appeal from this order and the decree granting the adoption appellant first contends that under the evidence produced, and in the absence of a finding of his unfitness, he was, as a matter of right, entitled to an order appointing him guardian of the minor child; that therefore the order of adoption was erroneously granted. ▆ We will first consider the question of the appeal from the decree granting the adoption. The petition for adoption was filed more than three months before the petition for guardianship was filed. It was disclosed by the evidence that the minor had no property and the only apparent purpose of the petition for letters of guardianship was to enable petitioner to obtain physical custody of the child. The guardianship proceeding was continued by the court, either by stipulation of the parties, or without objections, until after the hearing and determination of the adoption proceeding. It cannot be said that the trial

court had no right to hear and determine the issues presented under the adoption proceeding before ruling on the merits of the guardianship proceeding. (*Brown* v. *Campbell,* 100 Cal. 635, 636 [35 P. 433, 38 Am.St.Rep. 314].)  ▮  Where a court has general jurisdiction of a subject, it has power to make a full disposition of the matter and conclude the litigation respecting it. (*Kennedy* v. *Hamer,* 19 Cal. 374.) ▮  Appellant cannot now be heard to complain for the first time on appeal that the hearing of the guardianship proceeding was continued until after the trial and determination of the adoption proceeding. (*Myers* v. *McDonald,* 68 Cal. 162 [8 P. 809] ; 2 Cal.Jur. p. 248, § 74.)

▮  It has been held that a decree of abandonment does not create a forfeiture of all right of a parent to apply subsequently for an appointment as guardian of a minor child. (*Guardianship of McCoy,* 46 Cal.App.2d 494, 497 [116 P.2d 103].) He may regain the custody of his child upon a proper showing if intervening rights have not arisen such as adoption of the child by another. (*Guardianship of Michels,* 170 Cal. 339 [149 P. 587].)

▮  In the instant case the father appeared and presented his objections to the adoption although notice to the parent was unnecessary where the child had been judicially determined to be an abandoned child. The trial court had knowledge of the fact that the minor had been declared an abandoned child and that a petition for the appointment of a guardian was pending. After hearing all the evidence it granted the decree of adoption. In such a case the order of adoption is entitled to all the presumptions which attach to any other judgment of such courts and the burden rests upon appellant to establish an abuse of discretion by the trial court. In such a case a wide discretion is reposed in the trial judge and his decision should not be disturbed by a reviewing court in the absence of a clear showing of an abuse of such discretion. (*Adoption of Kelly,* 47 Cal.App.2d 577 [118 P.2d 479] ; *In re Hickson,* 40 Cal.App.2d 89, 93 [104 P.2d 411].)

In *In re Fahlman,* 84 Cal.App. 248, 250 [257 P. 893], it is said :

"The trial court, in addition to oral testimony as to the fitness and capacity of the persons applying for adoption of the minor, had before it the individuals making the application and also the individuals filing the opposition thereto,

and as sections 224, 225, 226, and 227 of the Civil Code, relating to adoption of minors, give no preference whatever to relatives, or other persons, making application for adoption, it would require a very clear case of the abuse of the judicial discretion vested in the trial court to authorize an appellate court to set aside an order of adoption, where the proceeding is shown to be taken and had according to the procedure specified by the codes, and the fact of relationship only is urged as a cause for reversal.

"In guardianship proceedings, where both the estates and custody of minors may be involved, the codes set forth certain preferences as to who may be appointed, but when it comes to the matter of adoption, the future welfare of the minor is the only matter for consideration. Under such circumstances, the legislature has left such determination to the judicial discretion of the trial court."

It there was held that an appellate court is confined to the record and when the record shows nothing reflecting upon the persons to whom the letters have been awarded, a reviewing court cannot declare the determination of the trial court erroneous, even though all the persons opposing the granting of letters may likewise be fit and proper persons to whom adoption letters might be granted. Appellant has cited *Guardianship of McCoy, supra,* and *Matter of Guardianship of Michels, supra,* but it is evident that authorities involving guardianship matters do not serve as authority to create a priority or preference in favor of appellant in the adoption matter herein. It therefore appears from the evidence and record in the adoption proceeding that the trial court was warranted in granting the decree of adoption. This court may not successfully hold that any abuse of discretion has been shown in granting it. That decree, therefore, must be affirmed on appeal.

■ The judge who granted the decree of adoption was fully authorized to proceed with the further hearing of the petition for guardianship. At the time of the signing of the order denying and dismissing that proceeding intervening rights of the adopting parents had arisen under the decree of adoption. The order denying the petition and dismissing the proceeding, for the reasons shown in the order, was proper and must be affirmed.

■ In dismissing the proceeding, the failure of the court

to find in the order that the "appellant was not a fit and proper person to have the custody of the child" was not prejudicial. The only finding necessary on this subject, under the facts disclosed, was that intervening rights had arisen and therefore there was no need or necessity for the appointment of a guardian. The order sufficiently disposes of that issue. (*Guardianship of Sharp*, 41 Cal.App.2d 79, 84 [106 P.2d 244].)

The decree of adoption and order denying letters of guardianship are and each is affirmed.

Barnard, P. J., and Marks, J., concurred.

A petition for a rehearing was denied June 19, 1944, and appellant's petition for a hearing by the Supreme Court was denied July 20, 1944. Carter, J., voted for a hearing.