107 Cal.App.2d 457 (1951)
237 P.2d 57
ADOPTION OF JANE DOE LINGOL, a Minor.
ROBERT DAVID WHITE et al., Appellants,
v.
STATE DEPARTMENT OF SOCIAL WELFARE, Respondent.
Docket No. 18547.
Court of Appeals of California, Second District, Division Two.
November 9, 1951.
*458 Sidney J. Unickel and Sidney Sampson for Appellants.
Edmund G. Brown, Attorney General, and Ariel C. Hilton, Deputy Attorney General, for Respondent.
WILSON, J.
This is an appeal from an order denying a petition for the adoption of a minor who is an illegitimate child born November 12, 1943, in California. She was given into the custody of petitioners Robert David White and Flora May White, husband and wife, by her natural mother nine days after her birth and ever since has been in their custody and has been reared as their own daughter.
The court did not make any findings of fact nor did it state any reasons for denying the petition but entered the order of denial without comment. There is therefore nothing in the record to indicate whether the court considered the evidence insufficient to warrant the granting of the petition or was influenced solely by the recommendation of the agents of the Department of Social Welfare.
The petition for adoption was uncontested except for the report of the Department of Social Welfare recommending that the petition be denied on the ground that there was "doubt" as to the stability of petitioner Flora. Such doubt was based on events prior to 1938. Nothing has occurred since that date to cause any apprehension that she is now unstable. No evidence was offered in anywise detrimental to petitioner Robert. His good character and steady employment are affirmatively established by the report and by the evidence.
The report shows and petitioner Flora admits that she had been married six times during the 17-year period from November 1922 to October 1939, each marriage having been dissolved by divorce or annulment. The first marriage was contracted at the instance of her stepfather when she was a child of 16 years. During 1933 and 1934 she served 11 months in the Missouri State Prison on a charge of accomplice to murder. She was subsequently granted a full pardon by the governor of Missouri and was restored to citizenship. Petitioners are aged 39 and 44 years respectively. They were married in June, 1940, and have lived together as husband and wife ever since that date.
Two representatives of the Department of Social Welfare testified that they opposed the adoption because of the record of the instability of the petitioner Flora prior to 1939, and for no other reason; they had checked the home of petitioners, found they were good people and were taking proper care of the child; they found nothing whatsoever that would injure *459 petitioners' interest in the child; "it is just our feeling that with the past record of the woman petitioner there can be doubt cast on her stability" but nothing has happened in the last 10 years that would indicate instability; there has been a normal parent-child relationship between petitioners and the minor; the child's general health, physical condition and mental development are excellent and she is scholastically well adjusted; she has been given all needed medical care.
Three witnesses, one of them a sister-in-law of the natural mother of the child, testified they had visited petitioners' home and found the child was well cared for, well nourished and well clothed. The principal of the school which the minor attends reported that her adjustment in school is good, she is doing well scholastically and her best interests would be served by the adoption. A minister acquainted with the family wrote a letter reciting his knowledge of petitioners and of the child and recommended that the petition be granted.
Petitioners have provided extracurricular dancing lessons, take the child to Sunday school and have established a savings account in a bank for her. They reside in a two bedroom house and the child has her own room. Petitioners have adequate insurance. Petitioner Robert is steadily employed and Flora earns about $150 a year selling cosmetics at times when she is able to leave the home  presumably when the child is in school. They have purchased their home, paying for it in monthly installments.
[1] We are mindful of the rule that the granting or denial of a petition for adoption rests within the sound discretion of the court and that an appellate court is without power to reverse such an order unless the evidence shows that discretion has been abused. The best interests of the child are to be considered. The whereabouts of her father is unknown. Her mother has twice signed her consent to her adoption by petitioners, the last consent having been given with the knowledge that the Department of Social Welfare intended to recommend the denial of the petition. At the same time she wrote a letter to petitioners hoping that the papers came and that "everything turned out all right." No person other than department agents has opposed the granting of the petition.
The cases cited by respondents are not applicable. In such cases either there was active opposition to the adoption by one of the parents of the child or by some other blood relative, or there were contests between relatives as to who should be permitted to adopt the child or be given letters of guardianship. (See Matter of Bewley, 167 Cal. 8 [138 P. 689]; Matter *460 of Fahlman, 84 Cal. App. 248 [257 P. 893]; In re Hickson, 40 Cal. App.2d 89 [104 P.2d 411]; Adoption of Martin, 76 Cal. App.2d 133 [172 P.2d 552].)
The opposition of the Department of Social Welfare, as has been stated, is based entirely upon the "doubt" expressed by agents of the department as to petitioner Flora's stability by reason of acts that occurred more than 12 years ago. Her stability since her marriage to her present husband in 1940 is admitted and is shown by unquestioned and uncontradicted evidence. The department concedes that since her birth the child has had excellent care in favorable surroundings. "We have uncovered nothing in the last ten years" that would not be for the best interests of the child. Nevertheless the department counts all such facts as naught and rests its opposition on occurrences in petitioner Flora's earlier years beginning with her first marriage contracted when she was a child of only 16 years. Many persons who have committed indiscretions in early life have reformed and even criminals have been rehabilitated and have become useful and honored citizens. For 11 years petitioner Flora has been a good wife and has made a good home for her husband. She has been a good mother during the entire life of the child. "He that is without sin among you, let him cast a stone at her." We find nothing whatsoever in the record that redounds against the granting of the petition.
In view of the overwhelming and uncontradicted evidence that throughout her life the child has had from petitioners the same parental care and devotion as if she were their natural offspring and that they are fit and proper persons into whose custody she should be placed for her own best interests, a gross injustice would result to the minor, whose interests are paramount, and to the petitioners as well if the adoption should be refused. In consideration of the entire record and of the facts and circumstances shown thereby we are constrained to hold that the denial of the petition was an abuse of discretion and should therefore be reversed.
The order appealed from is reversed with directions to grant the petition for adoption.
Moore, P.J., and McComb, J., concurred.
The opinion was modified to read as above printed and a petition for a rehearing was denied December 4, 1951. Respondent's petition for a hearing by the Supreme Court was denied January 8, 1952. Edmonds, J., and Spence, J., voted for a hearing.