[Civ. No. 8942. First Appellate District, Division One.—November 20, 1933.]

EARL BROOKS et al., Appellants, v. J. E. FAULKNER et al., Respondents.

Michael F. Brown and M. I. Church for Appellants.

Elijah M. Smuckler for Respondents..

JAMISON, J., *pro tem.*—This is an action for specific performance of a contract for the sale of certain real property in the city of Los Angeles and for damages. Judgment was rendered for defendants and from this judgment plaintiffs appeal. This appeal was brought up on the judgment-roll alone.

It appears from the pleadings that on May 15, 1928, George M. White and Myrtle E. White, his wife, executed a deed of trust in the sum of $50,000 to respondent Faulkner. Thereafter the said Whites defaulted and, following the procedure required by law, the trustee proceeded to offer said property for sale. Same was purchased by said Faulkner on December 26, 1929, and on that date a trustee's deed was issued to said Faulkner, which was recorded on January 7, 1930. On August 12, 1929, appellant Brooks purchased the said property from the Whites and continued to be the owner until the said trustee's deed was issued to Faulkner. On October 11, 1929, the said Brooks began an

action against Faulkner and other defendants to enjoin the sale under said deed of trust. On January 3, 1930, said Faulkner commenced an action against said Brooks, Boyds, E. D. Bunn and W. A. Spaulding for the unlawful detainer of the said premises. Thereafter, on January 17, 1930, an agreement in writing was entered into between Faulkner and Brooks, the Boyds, E. D. Bunn and W. A. Spaulding wherein the parties agreed that the action to enjoin the sale under the deed of trust should be dismissed, and that judgment be entered in the unlawful detainer action as follows: That the defendants (in that action) are to deliver possession of said premises on or before March 9, 1930, and if not so delivered plaintiff shall be entitled to a writ of assistance on the tenth day of March, 1930, or as soon thereafter as plaintiff shall make application therefor; that the said Faulkner will leave in the hands of his attorney, Elijah M. Smuckler, a good and sufficient deed of said property to said Brooks; that said property shall be subject to the taxes for the year 1930–31, the second half of the taxes for the year 1929–30, and a deed of trust for a balance of $48,750; that said deed be placed in escrow by the said Smuckler at any time before March 9, 1930, that he is called upon to do so by the said Brooks and the Boyds; that said Brooks, the Boyds or any of them, through said escrow, is to deliver to said Smuckler for said Faulkner the sum of $51,250 cash as consideration for said deed on or before March 9, 1930. Said agreement also provided that the first deed of trust on said property (evidently referring to the deed of trust for $48,750) became due and payable on the ninth day of February, 1930, and if the same were foreclosed pending the negotiations of the parties thereto, the said appellants agreed to hold and save harmless the said Faulkner.

It appears from the pleadings that on the eighth day of March, 1930, some time in the forenoon of that day, appellants Pierce and the Boyds appeared at the office of Smuckler and demanded that he immediately place in escrow the deed described in said agreement in compliance with the terms of the agreement; that, complying with said demand, Smuckler went with the said Pierce to the escrow department of the Title Insurance and Trust Company; that they did not arrive there until 12:30 P. M. and, that day being

Saturday, the said department was closed when they arrived; that no further demand was ever made upon Smuckler or Faulkner to comply with the agreement; that on or about the ninth day of March, 1930, the Mortgage Guaranty Company, the holder of the encumbrance described in said agreement, demanded of said Faulkner all amounts then due and unpaid on the first deed of trust on said property; that on said date Faulkner paid to said company the sum of $1250; that on about March 14, 1930, the said company again demanded payment of the remainder of the debt secured by said deed of trust and thereupon Faulkner paid to said company on said deed of trust the further sum of $32,500, leaving an unpaid balance on said encumbrance of $15,000.

The trial court found that appellants did not comply with the provisions of said agreement relating to the acceptance of same and did not ever place the sum of $51,250, or any other amount, in escrow as provided for in said agreement or option, and that appellants never did tender the said sum, or any sum of money, in the manner prescribed by the said agreement. The court further found that respondents did on the ninth day of March, 1930, open an escrow with the Title Insurance and Trust Company covering the property, and that the said escrow was still pending at the date of this trial, and that respondent Faulkner was at all times able, willing and ready to complete his part of said agreement and option; that it is untrue that Faulkner ever refused to comply with his obligation under said contract; that it is untrue that on October 11, 1929, or at any other time the said Smuckler was the duly authorized and/or acting agent of Faulkner, but it is true that said Smuckler acted as attorney at law for said Faulkner and in no other respect.

■ There was evidence, documentary and oral, introduced in the trial of this case but none of it is contained in this record on appeal. Appellants rely wholly upon alleged admissions of respondents in their answer and cross-complaint for their contention that the trial court failed to find material issues alleged in the pleadings, and also that the findings are contrary to the admitted facts in the pleadings. It is admitted by the cross-complaint that on the eighth day of March, 1930, Daniel Pierce, B. F. Boyd and Paul Boyd

appeared at the office of Smuckler and demanded of him that he place in escrow the deed, in compliance with the terms of the agreement; that Smuckler thereupon went with said Pierce for the purpose of placing the deed in escrow but failed to do so owing to the fact that the said escrow office was closed. However, the court found that Faulkner did on or before the ninth day of March, 1930, open an escrow with the Title Insurance and Trust Company covering said property; that same was still pending when this case was tried, and that it is untrue that Faulkner ever failed to comply with his obligation under the said agreement. None of the evidence being before us, we cannot say that this finding was not supported by the evidence. The fact that appellants and Smuckler failed to place the deed in escrow on the eighth day of March, 1930, is not conclusive that it was not so placed at a later date, in the absence of the evidence adduced at the trial.

■ Appellants have incorporated in the record on appeal the opinion of the trial judge. The law is well settled that the opinion of the judge of a trial court is not a part of the record on appeal which the appellate court can consider on appeal. (*In re Fahlman,* 84 Cal. App. 248 [257 Pac. 893]; *DeCou* v. *Howell,* 190 Cal. 741–751 [214 Pac. 444].) ■ It is also a well-established principle that every intendment and presumption not contradicted by or inconsistent with the record on appeal must be indulged in favor of the judgments of the superior courts. (2 Cal. Jur., p. 852, and cases cited.)

The judgment is affirmed.

Tyler, P. J., and Cashin, J., concurred.