KENNETH C. SEIBERT, JR., et al., Appellees, v. SYLVIA E. SEIBERT, Appellant.

**ADOPTION:** Execution by One Parent Only—''Separation''—Construction of Statute. The ''separation'' of the parents of a child which will legally authorize one of the parents having the care and custody of the child to alone execute legal adoption papers (Sec. 3251, Code 1897) need not necessarily be an abandonment, but must partake of the nature of an abandonment

or a condition more or less permanent, and for some material length of time. A mere temporary separation is not sufficient.

PRINCIPLE APPLIED: The parents ceased to live together January 6, 1914. The wife left Des Moines and went to Kansas City. The child was with the husband. He wrote as to his condition, said she could see him any time and could take the baby to Kansas City. She returned to Des Moines March 21st. Had possession of the child several times each week. Later, possession of the child was denied her. Near this time, the husband asked her to return. About July 1st, she definitely determined to bring, and did bring, divorce action. Unbeknown to her, the husband had, on May 9th, executed adoption papers to his sister. *Held,* adoption papers illegal as against the wife.

**ADOPTION: Separation of Parents—Cause of Separation—Material-**
2. **ity.** Whether the ''separation'' of the parents of a child was so far permanent as to authorize one of the parents alone to execute adoption papers (Sec. 3251, Code 1897) may be materially determined by a consideration of the *causes* of the separation.

**ADOPTION: Statutes Governing—Strict or Liberal Construction.**
3. In the construction of statutes governing adoption papers, it is suggested that whether a strict or liberal construction will be employed depends materially on who is making the contest, a nonconsenting parent or the one adopting the child.

*Appeal from Polk District Court.*—HON. WM. H. McHENRY, Judge.

SATURDAY, JUNE 19, 1915.

THIS is a habeas corpus proceeding to test the validity of certain articles of adoption. The appellee, Edna Seibert, is the mother of Kenneth C. Seibert, Jr. Her husband, executed articles of adoption of the child to his sister, the defendant. Later, a divorce proceeding was instituted, and at the time of the trial of this case, the divorce proceeding had not been determined. The plaintiff alleged in her application for the writ that the child, four and one-half years of age, was restrained of his liberty by the defendant, the cause of said restraint being by virtue of certain articles of adoption signed

by the child's father to the defendant. The restraint of the child was alleged to be illegal, because the articles of adoption were a fraud against plaintiff's rights, and because the plaintiff had complete care, custody and control of said minor child prior to the filing of the application and left him with his father for the purpose of visiting him; that the mother had no knowledge or information of the articles of adoption. The answer of defendant denied the allegations of the petition and alleged that said articles of adoption were entered into by the defendant and the child's father at a time when the father and mother of said child were living separate and apart from one another, and while the father was in the lawful care of the child and providing for its wants. The trial court held that the articles of adoption were invalid. The defendant appeals.—*Affirmed.*

*Franklin & Miller,* for appellant.

*Chester J. Eller* and *C. N. Pickler,* for appellees.

PRESTON, J.—The question presented is the construction of Sec. 3251 in regard to adoption of children, which provides, substantially, that the consent of both parents must be given if they are living and not divorced or separated, and if they are divorced, separated or unmarried, the consent of the parent lawfully having the care and providing for the wants of the child.

1. ADOPTION: execution by one parent only: "separation": construction of statute.

The only question in the case is whether, under the evidence, the parents were separated within the meaning of the statute, so that the husband could give the child for adoption to the defendant without the consent of the wife, who is the mother of the child. The evidence of Mrs. Seibert is that she left her husband January 6, 1914, and, as she claims, because of his abuse of her. She was gone a short time and returned to Des Moines from Kansas City. The articles of adoption are dated May 9, 1914. The trial of this case was had July

15, 1914, and Mrs. Seibert testifies that about two weeks before that date, she made up her mind to apply for a divorce. On the trial of this proceeding, Mrs. Seibert gave her testimony without objection, and during the examination of another witness, the question arose as to whether the inquiry should include an investigation as to the cause of the separation and as to whether or not the mother was justified in leaving her home, her husband and the child. The court indicated that in his opinion it was not necessary to go into such matters. There was no objection to this by defendant and no offer to prove what the defendant's claim or contention was with reference thereto.

2. ADOPTION: separation of parties: cause of separation: materiality.

It appears to us that the court might well have received the testimony on this subject, if there was any and it had been offered, as to whether Mrs. Seibert left with or without cause; whether she was at fault or whether the husband was to blame; whether she was driven away by him, or whether she left for some improper purpose. These matters would have a bearing on the question of intent of the parties as to whether there was a separation. As stated, there was some evidence by Mrs. Seibert of ill treatment by her husband; but it was agreed, after the court had indicated his opinion on that question, that such evidence should not be considered in the determination of the case. In fairness to appellant, we do not consider her testimony on that point. We think it is not necessary to consider it in the determination of the case, because there is other evidence which we think may properly be considered, which shows that the separation of the parties was merely temporary. Mrs. Seibert was claiming that her husband had abused her, and this has a bearing on the question of the so-called separation, whether her claim was or was not well founded. Mrs. Seibert testifies:

"Mr. Seibert and I quit living together the 6th of January, 1914. I did not see the baby before I went to Kansas

City, but Mr. Seibert wrote me all the time telling me how he was and saying I could see him any time I came back and that I could take the baby to Kansas City with me. I got homesick for the baby and came back March 21st. I had the baby on Sunday all day and went to work on Tuesday morning. After that I took the baby home twice a week and sometimes three times and kept him over night, returning him to Mr. Seibert's sister in the morning. I never consented to Mr. Seibert's sister (defendant) having custody or control over the child superior to my own. Shortly after Easter Mr. Seibert refused to let me take the child. I did not know until the day the petition for writ of habeas corpus was filed that any articles of adoption had been instituted. . . . The reason I did not take him with me was that I had no place to put him. I have a divorce case pending. I went back home the next morning after I had left the night before to get my clothes and Mr. Seibert asked me to come back and live with him. I stayed in Des Moines about ten days before I went to Kansas City and did not see the child during that time. During those ten days I stayed with different friends. Mr. Seibert and I have been living separate and apart from one another, but it was not definitely settled that we were separated. We were living apart."

Q. "Now you were also living apart on the 9th day of May, 1914, were you not?"

A. "Not in the sense you would have me say, we were not. I made up my mind to get a divorce about two weeks ago."

In the opinion of the trial court, which appears in the record, he states that the statute means if these people were divorced and the custody given to one of them, or if they were separated and there was a lawful order giving the custody to one of those parents, that parent could enter into articles of adoption. Under either of these conditions, such parent could permit adoption, but such a construction is too narrow. Under

the wording of the statute itself, if the parties were divorced, then the consent of the parent lawfully having the care and providing for the wants of the child would be sufficient to authorize the entering into articles of adoption. We see no reason for not giving force to the word separated, and we think there is no reason why that word should not be construed in its ordinary meaning. If Mrs. Seibert had gone to Kansas City or California on a visit, she and her husband would have been separated in a sense, and yet clearly that is not what the statute means. On the other hand, suppose a husband with an affinity should abandon his home and family, leaving a sick wife, with several small children, the mother penniless; the husband is gone for a considerable time and his whereabouts are unknown; the children are suffering for want of food and clothing: could it be claimed for a moment that, under such circumstances, the parents would not be considered as separated, so that the wife could give the children, or some of them, for adoption to reputable and responsible persons who would supply their wants and give them an education? Under the circumstances just indicated, adoption statutes are favored. 1 R. C. L. 593, 594. If a husband and wife with, say, four children, quarrel; they separate for a time, not knowing just what they are going to do. Perhaps one or the other contemplates a divorce proceeding. Each of the parents takes two of the children. Pending the final determination of the parties as to what they shall do, and during such temporary separation, we think the parents could not each execute adoption papers for the two children in their charge. Or, if a man and wife quarrel and they separate, and one, say the wife, threatens a divorce, and that she will ask for the custody of the child, the other party might obtain possession of the child and might be conscious that he could not successfully resist the suit of his wife. The husband could not, while thus separated, for the purpose of defeating his wife's claim, give the child for adoption to another without the consent of the wife.

As stated, we think the testimony in this case shows that

the separation was a temporary matter. Mrs. Seibert claimed, whether true or not, that her husband had mistreated her, and yet the next morning he asked her to come back and live with him; she had not determined until about July 1, 1914, to commence a suit for divorce, and this was after the adoption papers, May 9, 1914. At the time of the adoption, the parties had not determined what would be done. It would not be necessary, in order that the parties should be considered as separated, that there should be an abandonment, but we think there must be something in the nature of an abandonment, or a condition that is more or less permanent and for some length of time. The statutes of some of the states use the word "abandoned" instead of "separated." Some refer to children who are abandoned, others to abandonment of children by the parent. Without referring further to the cases, see *Allison v. Bryan,* 30 L. R. A. (N. S.) 146, and note; 1 Corpus Juris, 1387, Sec. 76; 1. R. C. L. 608.

Some of the cases hold that the adoption statutes should be strictly construed; other cases hold that they are liberally construed. Some of them make a distinction between construction of the statute and a construction of the articles of adoption. We apprehend that an important matter to be considered on the question whether a strict or liberal construction should be given would be who is making the contest. There should, perhaps, be a strict construction where the parent who has not consented is questioning the legality of the adoption, but not necessarily so when the contest is by the person to whom the child is given for adoption. In the latter case, the act of adoption may have been consummated years before, and the right to inherit and other rights of the child should be considered. 1 R. C. L. 595.

3. ADOPTION: statutes governing: strict or liberal construction.

Our conclusion is that the articles of adoption in this case are invalid as to the mother, because the parents were not separated within the meaning of the statute, and the father alone was not authorized to execute articles of adoption

to the defendant without the consent of the mother. The judgment of the district court is—*Affirmed.*

DEEMER, C. J., WEAVER and EVANS, JJ., concur.