Francis C. Rubendall et al., Appellees, v. Lawrence H. Bisterfelt, Appellant.

In re Adoption of Floyd K. Bisterfelt.

No. 44983.

April 2, 1940.

Travis & Graham, for appellant.

Rudolph & Madsen, for appellees.

Oliver, J.—In January 1937, Harriett Bisterfelt (Rubendall) obtained a divorce from her husband, Lawrence H. Bisterfelt. Pursuant to the terms of a pre-decree stipulation, Mrs.

Bisterfelt was awarded the custody and control of their child, Floyd K. Bisterfelt, who was then 6 years of age. The defendant was permitted to visit his child at reasonable times and was required to pay plaintiff $10 per month until the child attained the age of 16 years.

In June 1937, Mrs. Bisterfelt married Francis C. Rubendall. On August 6, 1937, Francis Rubendall and his wife filed a petition for permission to Francis Rubendall to adopt Floyd K. Bisterfelt. On the same day a decree of adoption was entered as prayed. The father of the child, Lawrence H. Bisterfelt, had no knowledge of the proceedings and did not consent to the adoption. With the permission of the court, Mr. Bisterfelt, who is denominated the defendant in the instant case, in November 1937, filed a motion to dismiss the petition and set aside the decree of adoption on the grounds that no notice of the adoption proceedings was served on him; that he had no knowledge of the pendency of the proceedings and did not consent to the adoption of his son by Francis Rubendall. Plaintiffs, Mr. and Mrs. Rubendall, filed a motion to dismiss defendant's motion, the material grounds of the motion being as follows: (1) The defendant was not entitled to notice of the adoption proceedings. (2) Because Mrs. Rubendall was given the custody and control of the child by the decree of divorce her consent was sufficient and it was not necessary that the natural father also consent to the adoption.

The case was apparently submitted to the court on the pleadings. The court found the adoption should be sustained and a decree was entered sustaining plaintiffs' motion to dismiss defendant's motion to set aside the decree and confirming the adoption. The defendant has appealed.

The question for decision is whether the consent of the natural father, Lawrence H. Bisterfelt, was necessary to a valid decree of adoption. Section 3 of chapter 218, Laws of the Forty-second General Assembly, now section 10501.3, chapter 473, Code of 1939, omitting immaterial parts, provides:

"* * * The consent of both parents shall be given to such adoption * * * unless the parents are not married to each other * * * or unless one or both of the parents have been deprived of the custody of the child by judicial procedure because of unfitness to be its guardian. If not married to each other, the

parent having the care and providing for the wants of the child may give consent. * * *''

It is not contended that appellant had "been deprived of the custody of the child by judicial procedure because of unfitness to be its guardian." There was no judicial procedure prior to the divorce suit and the custodial rights conferred in the divorce decree were based upon the stipulation of the parties and not the "unfitness" of appellant.

Appellees argue that consent of appellant to the adoption was unnecessary because, they say, after the divorce the mother was "the parent having the care and providing for the wants of the child". However, the record shows the parties had stipulated that in case a divorce was granted appellant would contribute to the support of the child and should have the right of visitation. The decree gave effect to these provisions, thus specifically recognizing appellant's rights and his engagement to assist in providing for the wants of the child in the future. Under the circumstances it cannot be said the mother was the parent who provided for the wants of the child to the exclusion of appellant. We do not think the quoted statutory provision may be fairly interpreted as applicable to the factual situation in the instant case. Therefore, this provision does not furnish support for the ruling of the trial court.

The foregoing discussion has dealt only with statutory provisions which may obviate the necessity for the consent of both parents to an adoption. In addition to these and other statutory provisions our decisions have recognized certain exceptions based upon the conduct of the non-consenting parent. These judicial holdings refer to conduct which amounts to an abandonment or to a waiver or forfeiture of custodial and other parental rights. See Jensen v. Sorenson, 211 Iowa 354, 233 N. W. 717; Seibert v. Seibert, 170 Iowa 561, 153 N. W. 160; In re McFarland's Guardianship, 214 Iowa 417, 239 N. W. 702; Pitzenberger v. Schnack, 215 Iowa 466, 245 N. W. 713.

Appellees do not contend there was an affirmative showing of abandonment or of waiver or forfeiture of his parental rights, but they point out that appellant failed to negative the existence of such conduct. The circumstances here do not justify any inference of abandonment or of waiver or forfeiture of such rights. Nor do we agree that one relying upon parental rights

is required to negative the existence of these exceptions, in the first instance. There was no showing that appellant by his conduct had lost or waived the right to "consent" provided by the statute.

No extended consideration of the adoptive and custodial rights of parents is here necessary. It may be noted that although these rights are regarded as being separate and distinct they are closely interrelated and at times appear to blend into each other. However, the issue in this case was limited to the legality of the adoption and the conclusions reached should not be construed as modifying the custodial or any other provisions of the divorce decree.

The decree of adoption is void and the case must be reversed.—Reversed.

HAMILTON, C. J., and RICHARDS, MILLER, BLISS, and SAGER, JJ., concur.