[L. A. No. 17998.   In Bank.   Dec. 15, 1941.]

ALTON L. JOHNSON, an Incompetent Person, etc., Respondent, v. ERNEST EDWARD GRIFFITH et al., Appellants.

Jerrell Babb for Appellants.

W. I. Gilbert, Jr., Jean Wunderlich and Donn B. Downen, Jr., for Respondent.

GIBSON, C. J.—This is an action to recover damages for personal injuries received when plaintiff's automobile was struck by that of the defendants. Plaintiff's injuries left him permanently incompetent and the action was therefore prosecuted by his guardian. The court below, sitting without a jury, found and concluded that plaintiff was free of contributory negligence and that the defendants' negligence was the sole and proximate cause of the accident. Judgment was accordingly entered against the defendant Ernest Griffith, as driver, in the sum of $15,000, and against the defendant Muriel Griffith, his adult daughter, as owner of the automobile, in the sum of $5,000. Both have appealed. Defendants do not challenge the amount of damages awarded. They do contend, however, that the evidence will not support the judgment. In our opinion, the evidence and

inferences reasonably deducible therefrom sustain the trial court's disposition of the cause.

The accident occurred at approximately 6:00 o'clock on the night of December 24, 1937. At the time, plaintiff with his wife and minor daughter was proceeding in his automobile easterly on Washington Boulevard in the business area of Culver City. As he approached the intersection of Main Street, his car began to "sputter" for lack of gasoline, but he succeeded in getting it across the intersection. It stopped, however, about ten feet beyond the intersection and two feet to the left and parallel to the line of cars parked at the curb of Washington Boulevard. The street is approximately eighty feet wide and ample space remained between the center of the boulevard and plaintiff's car to permit other easterly-bound traffic to pass without encroaching upon that half of the boulevard reserved for traffic moving in the opposite direction.

Plaintiff left his car, with its front and tail lights burning, and went to a nearby station where he procured some gasoline. He was engaged in pouring the gasoline into the tank at the right rear side of his car when the automobile operated by the defendant Ernest Griffith, proceeding easterly on Washington Boulevard, struck the left rear of plaintiff's car. Immediately after the accident plaintiff was found lying on the ground in the narrow space between his car and the car parked at the curb. He had suffered severe head injuries.

Defendant testified that as he proceeded along Washington Boulevard he did not see plaintiff's stalled car until he was approximately thirty feet therefrom. His failure to observe it sooner, he testified, was due to another car ahead of him traveling in the same direction. When he did discover plaintiff's car, he attempted to turn left and pass it, as did the car preceding, but was prevented from so doing by a car passing to his left. He therefore swerved back to the right. When he again turned left, it was too late to avoid a collision, and the right front of his car struck the left rear of plaintiff's car. The accident occurred about ten minutes after plaintiff's car had stalled. Although plaintiff's wife and minor child had been sitting in the car, and a disinterested witness saw plaintiff pouring the gasoline into his car, no one observed the precise manner in which he was thrown to

the ground. Plaintiff was not called as a witness. The evidence shows that as a result of a brain injury received in the accident he was left without power to speak coherently and his mental capacity was that of a six year old child.

The issue of negligence was one of fact for the determination of the court below. It reasonably could have inferred that under traffic conditions then prevailing defendant was following the car ahead of him too closely to permit of discovery of plaintiff's disabled car in time to avoid striking it. Or it may have inferred that defendant was remiss in not perceiving plaintiff's car at a greater distance than thirty feet, the street lights and the lamps on both cars being illuminated. Again, it may have inferred that the admitted speed of twenty miles an hour through the designated intersection on Christmas eve was excessive under the traffic conditions then prevailing. Or, in the light of the photographic exhibit showing the damage to defendant's car, it might have concluded that defendant operated his car at a speed in excess of twenty miles an hour.

Citation of authority is unnecessary to support the established principle that on appeal all conflicts in the evidence must be resolved, and all reasonable inferences must be conceded, in favor of the judgment of the trial court. The record supports the finding that defendant Griffith operated the automobile in a negligent and careless manner.

What has been said is equally determinative of the defendants' contention that in the absence of direct evidence as to the precise manner in which plaintiff was hurt it cannot be said that the collision caused his injuries. It is not our province to infer, as defendants would have us do, in opposition to the finding of the court below, that plaintiff's injuries may have resulted from a fainting spell or from the act of others than the defendants. The only reasonable inference deducible from the evidence was that drawn by the trial court to the effect that plaintiff's injuries were caused by the force of the collision of defendants' car with that of the plaintiff. *Gorman* v. *County of Sacramento*, 92 Cal. App. 656, 661 [268 Pac. 1083], declares that the rule which requires that the negligence must in some way be fastened to the injury ''does not require demonstration of the connection between the proved or admitted negligence

and the resulting injury. It is not necessary that an eye-witness.be produced to testify directly to the fact. The connection may be made by circumstantial evidence in the same way that any other fact can be proved.''

Equally without merit is the contention that plaintiff was guilty of contributory negligence as matter of law in that he assertedly violated an ordinance of Culver City which prohibited "double parking." The facts of this case disclose an involuntary stopping or disabling of plaintiff's car, coupled with immediate procurement of gasoline in order to remove it. The issue of contributory negligence, like that of defendant's negligence, was one of fact for the determination of the court below. (*Arellano* v. *City of Burbank*, 13 Cal. (2d) 248, 257 [89 Pac. (2d) 113].) As already indicated, the curb line of Washington Boulevard at the time of the accident was occupied by parked cars. Under the circumstances, it was not incumbent upon plaintiff, as urged by defendants, to push his car until such time as he could find available curb space for parking purposes. The reasonableness of plaintiff's alternative course in promptly procuring gasoline from a nearby station with which to operate the stalled vehicle, was for the determination of the trier of the fact. (*Wright* v. *Ponitz*, 44 Cal. App. (2d) 215 [112 Pac. (2d) 25].) The court below, therefore, properly found and concluded that plaintiff was not guilty of contributory negligence as a matter of law.

The judgment entered against the defendant Muriel Griffith as owner of the car is challenged on the basis of the defendants' testimony that the car was owned by the defendant Ernest Griffith who, because of financial embarrassment, assertedly had caused it to be registered in his daughter's name without her knowledge. In the light of other evidence in the record, the trial court reasonably might, and apparently did, reject this testimony. There was other evidence to the effect that the car had been in the family for several years and that the registration certificates bore signatures which closely resembled the signature of defendant Muriel Griffith. Defendants both admitted that signatures on the registration certificates "looked like" the signature of defendant Muriel Griffith on her driver's license. This evidence, coupled with the *prima facie* showing of the daughter's ownership arising from registration of the car in her

name, is adequate to support the finding that she was the owner of the car at the time of the accident.

The judgment is affirmed.

Shenk, J., Curtis, J., Edmonds, J., Houser, J., Carter, J., and Traynor, J., concurred.