[Civ. No. 8114. Fourth Dist., Div. One. Mar. 15, 1966.]

Adoption of STEVEN FITZGERALD EASLEY, a Minor. SOLOMON EASLEY, JR., et al., Plaintiffs and Respondents, v. MURRIEL TILLMAN, Defendant and Appellant.

Patricia H. Mason for Defendant and Appellant.

Robert A. Ward for Plaintiffs and Respondents.

COUGHLIN, J.—Appellant is the mother of a two-year-old child adopted by respondents; refused to consent to the adoption; and appeals from the order granting such predicated upon a finding that, after custody of the child had been given to the father by judicial decree, the mother, for a period of one year, failed to communicate with the child when able to do so which, by virtue of section 224 of the Civil Code, obviated the necessity for obtaining her consent.

Section 224 of the Civil Code, in pertinent part, provides: "A legitimate child cannot be adopted without the consent of its parents if living; however, after the custody of any child has, by any judicial decree, been given to the father, and the mother for a period of one year fails to communicate with such child when able to do so, . . . then the parent to whom custody has been given alone may consent to such adoption, but only after the parent to whom custody has not been given has been personally served with a copy of a citation requiring . . . her to appear at the time and place set for the appearance in court under section 227 of this code." Section 227 provides for a hearing upon the adoption petition.

Appellant contends the finding obviating the necessity for her consent is not supported by the evidence because there is no showing (1) when the judicial decree granting the father custody of the child was entered, nor (2) of a failure to communicate for the period prescribed by the statute.

■ Following the child's birth he was placed with the father who in turn placed him with respondents under a boarding home arrangement. The mother obtained an interlocutory decree of divorce which awarded custody of the child to the father and of other children of the marriage to her. The date of entry of this decree is material to the finding of noncommunication for one year because the failure to communicate during that period must have occurred after custody of the child had been awarded to the father. (*Adoption of Thevenin,* 189 Cal.App.2d 245, 251 [11 Cal.Rptr. 219].) The report of the county department of public welfare, filed in the proceeding pursuant to section 226.6 of the Civil Code, showed that the interlocutory decree "was granted June 19, 1963." The information contained in this report properly was before the court for consideration in determining the adoption issues. (See *Adoption of Thevenin, supra,* 189 Cal.App.2d 245, 253.) No objection was made to a consideration of that part thereof relating the time when the interlocutory decree was entered.

Appellant's contention there is no evidence from which the court could determine when the judicial decree awarding custody of the child to the father was entered disregards the report in question.

Appellant's further contention that the evidence does not support the finding she failed to communicate with her child for the period prescribed by section 224 is predicated upon a statement by the trial court at the conclusion of the case that there was no more than "token communication" by her, and upon the assertion that communication was established by her testimony.

The trial court found, as set forth in the order of adoption, that custody of the child was given to the father by judicial decree "and the mother for the period of more than one year failed to communicate with said child when able to do so." Any comment by the court in its summation of the evidence may not be urged in derogation of this finding. (*Strudthoff* v. *Yates*, 28 Cal.2d 602, 615 [170 P.2d 873].)

When the sufficiency of the evidence to sustain an order is questioned on appeal "all conflicts in the evidence must be resolved, and all reasonable inferences must be conceded" in favor of the order (*Johnson* v. *Griffith*, 19 Cal.2d 176, 179 [120 P.2d 6]), and it will be assumed the trial court accepted that evidence in support of its order and rejected that supporting a contrary conclusion. (*Shields* v. *Shields*, 200 Cal.App.2d 99, 102 [19 Cal.Rptr. 129]; *Fries* v. *Anderson, Clayton & Co.*, 190 Cal.App.2d 667, 675 [12 Cal.Rptr. 336].) There is substantial evidence from which the trial court was entitled to conclude that appellant did not want the child and had intended to give him away; that she knew where the child had been placed by his father; that following the interlocutory decree which awarded custody to the father, she did not communicate with the child at any time until after she was served with the citation required by section 224 of the Civil Code which was sometime in October 1964; that on one occasion the child was taken to Los Angeles by the father in order that she might visit with him but she refused to do so; and that during the period in question following entry of the interlocutory decree she made no inquiry concerning the child. This testimony fully supports the finding that appellant failed to communicate with the child during a one year period between entry of the judicial decree awarding custody to the father and issuance of the citation required by section 224 of the Civil Code.

■ Whether a mother fails to communicate with her child, within the meaning of section 224, is a question of fact determinable in light of the spirit of the law "which although 'solicitous toward maintaining the integrity of the natural relation of parent and child' . . . recognizes that this relation may be terminated by conduct of the mother regarded as unnatural and destructive," and the purpose of the statute which "is to provide the child with a real mother, instead of one who, by her past conduct, is proven to be a mother in name only, even though related by blood." (*Adoption of Thevenin, supra,* 189 Cal.App.2d 245, 250-251; *Adoption of Burton,* 147 Cal.App.2d 125, 134 [305 P.2d 185].)

■ Applying the foregoing concept to the case at bench the evidence adequately supports the finding that appellant failed to communicate with her child for a period of one year following entry of the interlocutory decree. Even though the court, contrary to its finding, concluded there had been a token communication, and its statement to this effect might be considered in determining whether in making that finding it applied the correct rule of law (see *Union Sugar Co.* v. *Hollister Estate Co.,* 3 Cal.2d 740, 751 [47 P.2d 273]; *Winegar* v. *Gray,* 204 Cal.App.2d 303, 312 [22 Cal.Rptr. 301]), a conclusion contrary to that heretofore expressed is not indicated. Obviously the acts to which the court referred as a token communication did not constitute that type of communication contemplated by the statute and, under the rule heretofore expressed, did not require a finding contrary to that made by the court. Following the "token communication" observation the court specifically declared it found "that the mother of the child has, for a period of more than a year failed to communicate with the child," and if necessary would find "that that has been with intent to abandon the child regardless of what her intention or wishes now are . . . ." ■ The testimony of the mother respecting alleged acts of communication or attempts to communicate, even assuming as contended by her that in some respects there was no contradiction thereof, was not binding on the court, which was entitled to disregard it as untrustworthy because of her interest in the outcome of the case and its contradiction by other testimony indicating her complete rejection of the child. (*Miller* v. *Johnson,* 214 Cal.App.2d 123, 125 [29 Cal.Rptr. 251].)

The order is affirmed.

Brown (Gerald), P. J., concurred.