[Civ. No. 25922. First Dist., Div. Three. Mar. 12, 1969.]

Adoption of THOMAS GUY SMITH et al., Minors. THOMAS GUY SMITH et al., Plaintiffs and Appellants, v. MOZELLE T. ROSS, Defendant and Respondent.

Walcom & Harmon and Leo J. Walcom for Plaintiffs and Appellants.

No appearance for Defendant and Respondent.

SALSMAN, J.—This is an appeal from an order of the superior court denying the petition of appellants Thomas Guy Smith and Sallie Marie Smith to adopt their grandchildren Thomas and Leslie Anne Smith.

The appellants are the paternal grandparents of the minor children they seek to adopt. Their son Thomas was married to Mozelle Smith in 1956. He divorced his wife on April 1, 1961 and obtained custody of their two children. Mozelle was given reasonable visitation rights. Since October 1959, with the exception of a brief period in 1962, the children have been in

the actual physical custody of their grandparents, the appellants here, who have supported and cared for them since their parents were divorced.

Shortly after the divorce proceedings were begun, Mozelle left the State of California and went to Seattle, Washington. There she remarried. She also had a nervous breakdown and was hospitalized for some time. She testified she was not aware of what was happening in the divorce proceedings, and did not learn she was divorced until 1963 or 1964. She also said she did not know when her illness ended, that it was not like ". . . a broken leg that mends in six weeks."

Mozelle and her second husband have children. There was also evidence of financial troubles, and her second marriage has not been wholly tranquil.

In 1962 Mozelle wrote a letter to appellants, expressing sorrow for the breakup of her marriage, for the trouble she had caused, and asking forgiveness for ". . . what I have done to you and my babies. . . ."

There was no specific evidence of Mozelle's contact with the children of her first marriage during the years 1964 and 1965. But in 1966 Mozelle telephoned appellants' home about six times and inquired about her children. In the same year she also made a visit to San Francisco and took the children with her for a good part of one day. At Christmas she sent them presents and the children wrote to her. In 1967 likewise there was some communication between Mozelle and her children, although she did not visit them.

In July 1967 appellants filed a petition to adopt the children. Their father consented to the adoption. Mozelle refused to give her consent. At the hearing on the petition, appellants contended that Mozelle's consent was unnecessary because, for more than one year after the custody of the children had been awarded to their father, she had failed to communicate with them. After hearing the evidence, however, the superior court found that Mozelle did not fail for a period of one year to communicate with her children ". . . when she was able to do so." We affirm the trial court's order.

Civil Code section 224 provides in part: "A legitimate child cannot be adopted without the consent of its parents if living; however, after the custody of any child has, by any judicial decree, been given to the father, and the mother for a period of one year fails to communicate with such child when able to do so, . . . then the parent to whom custody has been given alone may consent to such adoption. . . ."

Whether a mother has failed to communicate with her child within the meaning of section 224 is purely a question of fact. (*Adoption of Easley*, 240 Cal.App.2d 821, 825 [50 Cal.Rptr. 33], and cases cited.) Appellants contend they have established that there were periods of time following entry of the decree awarding custody of the children to their father, when, for a period of more than one year, the mother did not communicate with her children, and there is evidence to support this contention. At the hearing, however, the respondent argued that this fact was immaterial because the one-year period mentioned in the statute means only a one-year period immediately preceding the filing of the petition for adoption. We reject respondent's construction of the statute.

Section 224 also provides in substance that when the mother of children is given their custody by judicial decree, and the father for a period of one year fails to support the children, the mother alone may consent to their adoption. In *Adoption of Burton*, 147 Cal.App.2d 125, 136 [305 P.2d 185], the court considered this latter provision in light of the father's contention in that case that only the one-year period immediately prior to the filing of the petition for adoption should be considered. The court there said: ". . . contrary to appellant's contention section 224 of the Civil Code does not provide that a child may be adopted with the consent of the mother alone only when the father's wilful failure to pay for the care of such child, when able to do so, has occurred during the one-year period immediately prior to the filing of the petition for adoption. As heretofore noted, no reason appears for inferring that the Legislature intended other than the plain meaning of the language used in this section to govern its application. Under these circumstances, the father's inability to provide for his children for a short time during the one-year period immediately prior to the adoption is not determinative." (See also *Adoption of Easley, supra,* 240 Cal.App.2d 821, 823; *Adoption of Thevenin,* 189 Cal.App.2d 245, 251 [11 Cal.Rptr. 219].) The same construction of the statute is obviously appropriate where the father has been given custody and the mother, being able to do so, fails for a period of one year to communicate with her children.

However, before a failure to communicate with her children for a period of one year may operate to deprive a mother of her right to object to the adoption of her children, it must be shown that during the interval in question she was

able to communicate with them and failed to do so. ▮ Here there was uncontradicted evidence that, shortly after the divorce action was filed, Mozelle left the State of California, suffered a nervous breakdown, was hospitalized for some time, did not know exactly when she had recovered, had remarried, had other children to care for, and was beset with financial cares as well as by problems of her second marriage. All of these facts undoubtedly had a bearing upon the court's ultimate conclusion that the mother had not failed for a period of one year to communicate with her children ". . . when she was able to do so."

▮ Adoption proceedings involve a wide discretion on the part of the trial judge, and his decision upon the facts presented to him will not be set aside unless a clear abuse of discretion is shown. (*Adoption of Thevenin, supra,* 189 Cal. App.2d 245, 251; *Guardianship of Peterson,* 64 Cal.App.2d 473, 478 [149 P.2d 65], and cases cited.) ▮ Appellants here of course argue that the trial judge abused his discretion in denying their petition, but in light of the facts disclosed by the record we are unable to sustain this charge. The burden of proof rested upon the petitioners to show not only that Mozelle had failed for a year to communicate with her children, but that also during that interval she was able to do so. Evidence of the mother's psychiatric problems and their indefinite duration, together with the undisputed evidence of her later communication with the children fully supports the court's order denying the petition.

The order is affirmed.

Draper, P. J., and Brown, (H. C.), J., concurred.